**SEALED**

ASJZ: USAO 2021R00304

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. RDB 24 cr 1 |
| v. | * | |
| | * | (Conspiracy, 18 U.S.C. § 371) |
| BRENDA CHUNGA, | * | |
| a/k/a "Bitcoin Beautee," | * | **UNDER SEAL** |
| Defendant | * | |

\*\*\*\*\*\*\*

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JAN - 9 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

**INFORMATION**

**COUNT ONE**

The United States Attorney for the District of Maryland charges that:

At times relevant to this Information:

1. Defendant BRENDA CHUNGA, a/k/a "Bitcoin Beautee," ("CHUNGA") was a resident of the District of Maryland.

The Conspiracy

2. From in or around June 2020 through at least in or around April 2022, in the District of Maryland and elsewhere, the defendant,

**BRENDA CHUNGA,**

and others known and unknown, including Individual 1, willfully and knowingly combined, conspired, and agreed to commit certain offenses against the United States, namely:

(a) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; and

(b) wire fraud, in violation of Title 18, United States Code, Section 1343.

### The Object of the Conspiracy

3. It was a purpose and object of the conspiracy for CHUNGA and her co-conspirators to unjustly enrich themselves by:

(a) inducing investors to invest in HyperFund, a/k/a "HyperTech," a/k/a "HyperCapital," a/k/a "HyperVerse," a/k/a "HyperNation" (collectively, "HyperFund"), through materially false and fraudulent pretenses, representations, and promises, including about the returns that investors would earn on their investments;

(b) diverting the proceeds of the scheme for their own personal use and benefit; and

(c) concealing the scheme.

### Manner and Means of the Conspiracy

4. It was part of the conspiracy that the manner and means by which CHUNGA and her co-conspirators sought to accomplish the purpose and object of the conspiracy included, but were not limited to, the following:

(a) CHUNGA and her co-conspirators, using interstate and foreign wire communications, published fraudulent videos to social media platforms to encourage investors, including investors in the District of Maryland, to invest in HyperFund and used internet websites associated with HyperFund to promote the scheme; and

(b) CHUNGA and her co-conspirators made and caused others to make materially false and fraudulent pretenses, representations, and promises to, and concealed and caused others to conceal material facts from, investors and potential investors, regarding HyperFund's purported investment platform, expected investment returns, and the use of investors' funds.

### Overt Acts

5. In furtherance of the conspiracy and to effect the illegal objects above, the

following acts, among others, were committed in the District of Maryland and elsewhere:

(a) In approximately June 2020, Individual 1 and others formed HyperFund.

(b) In or around February 2021, CHUNGA and her co-conspirators offered and sold fraudulent investment contracts to the public, including investors residing within the District of Maryland, through HyperFund's online investment platform.

(c) In or around February 2021, using interstate wire communications, CHUNGA caused a video to be published to social media in which she falsely stated that HyperFund was "offering . . . an opportunity to earn rewards from blockchain technology and the biggest wealth transfer ever," and was the "world's most sustainable passive rewards program."

(d) In or around April 2022, CHUNGA's co-conspirators blocked investors' withdrawals.

18 U.S.C. § 371

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and (b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

2. Upon conviction of the offense alleged in Count One of this Information, the defendant,

**BRENDA CHUNGA,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense.

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of approximately $3,000,000.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　EREK L. BARRON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

_1/8/2024_
Date